**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **REI HOLDINGS, LLC,** | **C.A. NO.: 3:20-CV-01178-VLB** |
| **,** | |
| **Plaintiff,** | |
| **v.** | **Date:  September 21, 2021** |
| **EDWARD MARCUS A/K/A EDWARD L. MARCUS D/B/A THE MARCUS LAW FIRM,** | |
| **Defendant.** | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

### PARTIES, JURISDICTION, AND VENUE

1.      Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

2.      Defendant admits the allegations contained in this paragraph.

3.      The allegations contained in this paragraph state legal conclusions to which no responsive pleading is required.

4.      The allegations contained in this paragraph state legal conclusions to which no responsive pleading is required.

## **GENERAL ALLEGATIONS**

5.      Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

6.      Defendant denies that he or his firm represented Plaintiff in connection with the acquisition of the Optimum Portfolio from Optimum Asset Management, LLC (Optimum) in February, 2015. The remainder of the allegations contained in this paragraph characterize Plaintiff's claims and causes of action and require no response. To the extent the paragraph could be interpreted to allege facts or claims against Defendant, they are denied.

7.      Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

8.      Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

9.      Defendant admits that it represented American Tax Funding, LLC (ATF) in several tax lien collection/enforcement matters prior to Optimum's sale of the Optimum Portfolio to Plaintiff in February, 2015. Defendant denies that it

2

represented ATF for collection/enforcement of all, or even a majority, of the liens in what became the Optimum Portfolio.

10.     Defendant denies that he or his firm represented Plaintiff in connection with the acquisition of the Optimum Portfolio from Optimum in February, 2015. Defendant denies the remainder of the allegations contained in this paragraph.

11.     Defendant denies the allegations contained in this paragraph.

12.     a-f.  Defendant denies the remainder of the allegations contained in this paragraph, including its subparts.

13.     Defendant admits he was and is governed by the Rules of Professional Conduct. Defendant denies that he or his firm represented Plaintiff in connection with the acquisition of the Optimum Portfolio from Optimum in February, 2015. Defendant denies the remainder of the allegations contained in this paragraph.

14.     Defendant admits the allegations contained in this paragraph.

15.     Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

3

16.     Defendant admits that Plaintiff's servicer Optimum paid Defendant $35,000 for obtaining consents from the municipalities approving the assignments of the tax liens in the Optimum Portfolio from ATF to Optimum and Optimum to Plaintiff. Defendant also admits that Plaintiff paid Defendant $7,250 to cover lien recording fees. Defendant also admits that, after the closing of the Optimum transaction, it represented Plaintiff in several enforcement / collection matters. Defendant denies the remaining allegations contained in this paragraph.

17.     Defendant admits the allegations contained in this paragraph.

18.     Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

19.     Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

20.     Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegation that "many of the liens were low cost liens, for which the cost to enforce was greater than the amounts that could be recovered" and that "The biggest uncoverable costs were the title searches that were require to identify the volume and page number of the liens and the

4

assignments", and therefore, leaves the Plaintiff to its proof. Defendant denies the remaining allegations contained in this paragraph.

21.     Defendant denies the allegations contained in this paragraph.

22.     Defendant denies the allegations contained in this paragraph.

23.     Defendant denies that he or his firm represented Plaintiff in connection with the acquisition of the Optimum Portfolio from Optimum in February, 2015. Further, Defendant denies that he "knew or should have known or at least had access to information about the Portfolios held by ATF", and denies that "[Plaintiff] had to pay [Defendant] exorbitant amounts as part of the acquisition of the Portfolios and then had to 'relearn' about the problems, paying [Defendant] tens of thousands of dollars more in attorney's fees and costs along the way, even though [Defendant] had access to this information prior to the sale to [Plaintiff] of the portfolios." Defendant denies knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

24.     Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

25.     Defendant denies the allegations contained in this paragraph.

5

26.     Defendant denies that he or his firm represented Plaintiff in connection with the acquisition of the Optimum Portfolio from Optimum in February, 2015. Defendant admits that consent of the municipalities initially selling the tax liens is required in order for a subsequent purchaser to collect / enforce the liens in the portfolios. Defendant denies the remainder of the allegations contained in this paragraph.

27.     Defendant admits he obtained consent of the three municipalities for the purchase/assignment to Optimum. Defendant denies the remaining allegations contained in this paragraph.

28.     Defendant denies knowledge or information sufficient to form a belief regarding the truth of the allegations contained in this paragraph, and therefore, leaves the Plaintiff to its proof.

29.     Defendant denies that he or his firm represented Plaintiff in connection with the acquisition of the Optimum Portfolio from Optimum in February, 2015. Defendant admits that consent of the municipalities initially selling the tax liens is required in order for a subsequent purchaser to collect / enforce the liens in the portfolios. Defendant denies the remainder of the allegations contained in this paragraph.

6

30.     Defendant is generally aware of the Delaware litigation, but has insufficient knowledge or information to otherwise respond, and therefore, leaves the Plaintiff to its proof.

31.     Defendant denies the remainder of the allegations contained in this paragraph.

## COUNT I (BREACH OF CONTRACT)

By order and decision dated July 27, 2021, this Court (Bryant, J.) dismissed this count of the complaint with prejudice. Accordingly, no responsive pleading is required or permitted.

## COUNT II (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

By order and decision dated July 27, 2021, this Court (Bryant, J.) dismissed this count of the complaint with prejudice. Accordingly, no responsive pleading is required or permitted.

## COUNT III (BREACH OF FIDUCIARY DUTY)

Defendant incorporates by reference his responses to paragraphs 1 through 31 as if fully set forth herein. Defendant conforms the remainder of this answer to the corresponding numbers in the counts of the complaint which have not been previously dismissed.

41.     Defendant denies the allegations contained in this paragraph.

7

42.    Defendant denies the allegations contained in this paragraph.

43.    Defendant denies the allegations contained in this paragraph.

44.    Defendant denies the allegations contained in this paragraph.

## COUNT IV (LEGAL MALPRACTICE)

Defendant incorporates by reference his responses to paragraphs 1 through 31 and 41 through 44 as if fully set forth herein.

46.    Defendant denies the allegations contained in this paragraph.

47.    Defendant denies the allegations contained in this paragraph, including subparts a through g.

48.    Defendant denies the allegations contained in this paragraph.

## COUNT V (UNJUST ENRICHMENT)

Defendant incorporates by reference his responses to paragraphs 1 through 31, 41 through 44, and 46 through 48 as if fully set forth herein.

50.    Defendant denies the allegations contained in this paragraph.

51.    Defendant denies the allegations contained in this paragraph.

52.    Defendant denies the allegations contained in this paragraph.

8

### COUNT VI (BREACH OF IMPLIED CONTRACT)

By order and decision dated July 27, 2021, this Court (Bryant, J.) dismissed this count of the complaint with prejudice. Accordingly, no responsive pleading is required or permitted.

### COUNT VII (FRAUDULENT NONDISCLOSURE)

Defendant incorporates by reference his responses to paragraphs 1 through 31, 41 through 44, 46 through 48, and 50 through 52 as if fully set forth herein.

57.     Defendant denies the allegations contained in this paragraph.

58.     Defendant denies the allegations contained in this paragraph, including subparts a through c.

59.     Defendant denies the allegations contained in this paragraph.

60.     Defendant denies the allegations contained in this paragraph.

61.     Defendant denies the allegations contained in this paragraph.

### COUNT VIII (NEGLIGENT NONDISCLOSURE)

Defendant incorporates by reference his responses to paragraphs 1 through 31, 41 through 44, 46 through 48, 50 through 52, and 57 through 61 as if fully set forth herein.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441 • JURIS NO. 404459

63.     Defendant denies the allegations contained in this paragraph, including subparts a through c.

64.     Defendant denies the allegations contained in this paragraph.

65.     Defendant denies the allegations contained in this paragraph.

## COUNT IX (CONNECTICUT UNFAIR AND DECEPTIVE TRADE PRACTICES ACT, C.G.S. Sec. 42-110b et seq.)

Defendant incorporates by reference his responses to paragraphs 1 through 31, 41 through 44, 46 through 48, 50 through 52, 57 through 61, and 63 through 65 as if fully set forth herein.

67.     Defendant denies the allegations contained in this paragraph, including subparts a through c.

68.     Defendant denies the allegations contained in this paragraph.

69.     Defendant denies the allegations contained in this paragraph, including subparts a through c

## <u>AFFIRMATIVE DEFENSES</u>

**First Affirmative Defense**

Plaintiffs' claims and causes of action are barred Connecticut's statutes of limitation, Conn. Gen. Stat. §52-577 and/or Conn. Gen. Stat. §52-584.

10

**Second Affirmative Defense**

Plaintiff's claims and causes of action are not cognizable because Plaintiff has failed to state any claim for which relief can be granted.

**Third Affirmative Defense**

Any injuries, losses or damages which Plaintiff may have sustained as a result of the purchase of the Optimum Portfolio were directly and proximately caused by its own negligent and/or careless actions and/or conduct, or the negligent actions and/or conduct of her authorized employees, representatives and/or agents, in whole or in part, which negligence and/or carelessness exceeds any negligence of the answering Defendant, which negligence is expressly denied, in one or more of the following ways:

    a.    failing to consider or improperly considering the risks and costs of entering into the transaction and/or proceeding with the purchase;

    b.    failing to consider or improperly considering the requirements of Connecticut law and/or municipal procedures and practices in entering into the transaction and/or proceeding with the purchase;

11

     c.     failing to conduct, or improperly conducting, due diligence in connection before entering into the transaction and/or proceeding with the purchase; and/or

     d.     failing to exercise due care under the circumstances as a person/entity of ordinary prudence and diligence would have done under the circumstances.

**Fourth Affirmative Defense**

Plaintiff's claims and causes of action are barred by the doctrine of unclean hands and/or bad faith.

**Fifth Affirmative Defense**

Plaintiff's claims and causes of action are barred by the doctrine of laches.

**Sixth Affirmative Defense**

Plaintiff has failed to mitigate its damages.

**Seventh Affirmative Defense and Notice of Intent to Seek Determination of Lack of Probable Cause**

Defendant intends to seek a determination, at the conclusion of this action, that the Plaintiff's claims were asserted and/or prosecuted without probable cause and with malice, with the intend to vex, annoy, and harass the Defendant in violation of Connecticut common law and Conn. Gen. Stat. §52-226a.

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441 • JURIS NO. 404459

**DEFENDANT EDWARD MARCUS
D/B/A THE MARCUS LAW FIRM**

/s/ *Patrick J. Day*  **\*\*ct21858\*\***

By:
_____

Patrick J. Day
pday@morrisonmahoney.com
ct418216
Morrison Mahoney LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone:  860-616-4441
Fax:      860-244-3800

13

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on September 21, 2021, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

*/s/ Patrick J. Day*  **ct21858**
**Patrick J. Day**

14

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA, 10TH FLOOR, HARTFORD, CT 06103
860-616-4441 • JURIS NO. 404459